UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FEDERICO PAZ,<br><br>                Petitioner,<br><br>vs.<br><br>STATE OF IDAHO, WARDEN AL RAMIREZ; THIRD JUDICIAL DISTRICT COURT; ROY ANTHONY; SANTOS GARZA, JR; SHERIFF GEORGE NOURSE,<br><br>                Respondents. | Case No. 1:21-cv-00061-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

      This seventh Petition for Writ of Habeas Corpus of Federico Paz was filed by the Clerk of Court. (Dkt. 2.) Paz is serving a life sentence without the possibility of parole on an Idaho state court conviction for the first degree murder of Gerry Bright. Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

      The Court is required to review each newly-filed habeas corpus petition to determine whether it should be served upon the respondent, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

any attached exhibits that the petitioner is not entitled to relief in the district court," the petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

For the reasons that follow, the Court concludes that this case is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases.

## BACKGROUND

The facts of the crime are described as follows:

> On August 29, 1987, Federico Paz encountered Gerry Bright (the victim) and two of his companions, Randall Gould and Larry Page, in a restaurant.
>
> Events led to a verbal exchange between Bright and Paz. Bright then continued eating at a table in the restaurant with his companions.
>
> After finishing his breakfast, Paz left the restaurant, secured a semi-automatic weapon from his friend's motor vehicle, sent his friend away so he would not be implicated, and some minutes later returned to the restaurant. Paz approached the table where Bright, Gould and Page were seated, concealing the weapon as he approached.
>
> At close range, Paz opened fire with the weapon, killing Bright and seriously wounding Gould and Page. After emptying the weapon, Paz attempted to flee, but was stopped and disarmed by the wounded Gould.
>
> Paz was taken into custody and subsequently charged with first degree murder.

*State v. Paz*, 118 Idaho 542, 545, 798 P.2d 1, 4 (1990), *overruled on other grounds by State v. Card*, 121 Idaho 425, 825 P.2d 1081 (1991).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

Petitioner filed his first §2254 habeas corpus petition with the United States District Court for the District of Idaho in Case No. 93-cv-00132-WFN, his second in Case No. 02-cv-00312-MHW, his third in Case No. 11-cv-00335-CWD, his fourth in Case No. 16-cv-00277-REB, his fifth in Case No. 16-cv-487-REB, and his sixth in Case No. 20-cv-00257-REB. Petitioner's first petition was dismissed with prejudice after the parties entered into a stipulation disposing of all claims, and Petitioner was resentenced from death to a life sentence. (Exhibit A to Order in Case No. 02-cv-00312-MHW, Dkt. 10.) Petitioner's second through sixth petitions were dismissed without prejudice, with notification to Petitioner that he must obtain authorization from the United States Court of Appeals for the Ninth Circuit to proceed. He did not obtain authorization.

Here, again, Petitioner does not allege that he has obtained authorization from the Ninth Circuit court to file a successive petition.

In similar fashion to allegations included in other actions, Plaintiff includes the following statement of facts in his Petition:

> Abdon Saenz of Caldwell told everybody in the van at work that Efrain Lara of Caldwell had a gun that fired blanks and was all in favor of putting Plaintiff in prison.
>
> At the restaurant was DA Richard Harris, former sheriff George Nourse, armed and naked along with Santos Garza who was also armed and naked saying, "we are the people in the restaurant." Also, Judge Dennis Goff who was in the kitchen.
>
> While I was at the stand Santos Garza and Mando Garcia were both naked and threatening me to make sure I didn't say nothing about Dee Nourse.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

> George Nourse, who used to be sheriff, in us at the doorway naked hitting my mother-of-God Delfina Rodriguez, with the butt of his gun on the head, of the court room then came in and leaned against the west wall.
>
> After I returned to my seat Santos Garzas walked up to Judge Goff's right side and said, "This is all I wanted!"
>
> Goff later said, "It was probably an official of the law as a clerk of the court."

(Dkt. 2, pp. 2-3 (verbatim).)

> The doctor who testify prejudice the mind of the jury by lying that he took slug out of victim and he had no shotgun slugs and he had four two inch long slugs, nothing like a .25 cal.
>
> The father and daughter of Bright's lied by saying that Bright was indeed dead but Santos Garza killed a man that was said was Bright. Dee Nourse, daughter of former Sheriff George Nourse, came in to IMSI with Bright and said, "Did you think I was going to let you kill."
>
> Ray Anthony and Santos Garza have always made me perform oral copulation and fornicated me also.

(Dkt. 2, p. 5 (verbatim).)

## REVIEW OF MOTION TO DISQUALIFY JUDGE

Petitioner has filed a Motion for Disqualification of Assigned Judge, based upon various inapplicable Idaho state court rules of civil and appellate procedure, including Idaho Rule of Civil Procedure 36, which is a rule that governs requests for admissions during discovery. (Dkt. 9.) However, the Idaho state court rules do not govern the federal district court. Nonetheless, the Court reviews Petitioner's motion under applicable federal law.

Petitioner argues that there exists "cause" for disqualification, taking issue with the Court's language in an order in a previous case concluding that Petitioner is "mentally ill" and "is laboring under some type of psychiatric disorder." (Dkt. 9, p. 1.) The Court's conclusions resulted from its analysis of Plaintiff's filings. Disqualification is not required where a petitioner challenges the Court's impartiality based upon its rulings. Such alleged errors are "the basis for appeal, not recusal." *In re Focus Media, Inc.*, 378 F.3d 916, 930 (9th Cir. 2004).

Petitioner has not shown that the federal judicial disqualification statute, 28 U.S.C. § 455(a), or any case interpreting that section applies to the facts of this case. While Petitioner argues that the Court's observations about his mental health are the product of "personal bias or prejudice," the nature and content of Petitioner's pleadings in that case (and here) support the Court's observations and rulings. A conclusion that a Petitioner's pleadings are consistent with a mental health disorder is a ruling subject to appeal, not a manifestation of a personal bias.

For all of these reasons, the Motion for Disqualification will be denied.

## DISCUSSION

There is no plausible argument that this seventh petition is not a successive petition under § 2254, because it challenges Petitioner's state court criminal conviction. Title 28 U.S.C. § 2244(b) requires a state prisoner seeking to file a second or successive § 2254 habeas petition to first file a motion in the appropriate federal court of appeals to

obtain an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

This Court may not, in the absence of proper authorization from the Ninth Circuit Court of Appeals, consider a second or successive habeas application. *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001). Accordingly, this Court has no jurisdiction to adjudicate he new petition. *Id.* at 1274 (holding that district courts lack jurisdiction to consider unauthorized successive petitions). Therefore, the petition will be dismissed without prejudice.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 7) is GRANTED.
2. The Motion for Disqualification of Judge (Dkt. 9) is DENIED.
3. The Petition is DISMISSED without prejudice.
4. A certificate of appealability will not issue.

DATED: May 4, 2021

B. Lynn Winmill
U.S. District Court Judge